**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 12, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAQUEL ODEGBARO,

    Defendant - Appellant.

No. 16-3082
(D.C. No. 2:16-CR-20001-JAR-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

Raquel Odegbaro appeals the district court's order denying her request to be

released from pretrial detention. Exercising jurisdiction under 28 U.S.C. § 1291 and

18 U.S.C. § 3145(c), we affirm the district court's order.

## I.    Background

On January 20, 2016, Ms. Odegbaro was charged in a 27-count indictment

with conspiracy to defraud the government, making false claims to the United States,

theft of public money, aggravated identity theft, conspiracy to commit mail fraud,

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

mail fraud, and bank fraud. These charges relate to an alleged scheme involving identity theft, unemployment insurance fraud, student loan fraud, mortgage fraud, and tax fraud.

After Ms. Odegbaro's arrest, the government moved for pretrial detention. The magistrate judge conducted a detention hearing under 18 U.S.C. § 3142(f) and issued a written order directing that Ms. Odegbaro be detained pending trial, which is set for December 6. As "the ultimate reason" for detention, the magistrate judge identified his finding "by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the appearance of defendant as required, i.e., defendant poses a serious flight risk, not only in terms of physical flight from the jurisdiction, but also in being wholly unamenable to supervision." Aplt. App. at 43.

Ms. Odegbaro moved for review of the detention order, and the district court held a motion hearing at which it heard argument from both parties. The government presented one witness, Special Agent Staci Gurin with the United States Department of Labor's Inspector General's Office, who described her investigation and the resulting criminal charges and presented a roadmap of some of the evidence acquired to date. The district court "strongly agree[d]" with the magistrate judge's conclusion that Ms. Odegbaro poses a serious flight risk and is not amenable to supervision and denied her request for release from detention. *Id.* at 57.

Ms. Odegbaro then filed a timely notice of appeal to this court. She now argues that the district court erred in upholding detention because she is not a flight

2

risk and the government did not prove by a preponderance of the evidence that no combination of conditions would ameliorate any purported flight risk.

## II. Analysis

Under the Bail Reform Act, a defendant must be released pending trial unless a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). A judicial officer may make such a finding only after holding a hearing according to the procedures specified in 18 U.S.C. § 3142(f) and considering the four factors listed in 18 U.S.C. § 3142(g) (i.e., the nature and circumstances of the offense charged, the weight of the evidence, the defendant's history and characteristics, and the nature and seriousness of the danger posed to any person or the community if the defendant was released). At the hearing, "[t]he government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or to the community by clear and convincing evidence." *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003) (citations omitted).

The magistrate judge conducted the requisite detention hearing and found, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure Ms. Odegbaro's appearance at trial. Then, in a written detention order, the magistrate judge addressed the nature and circumstances of the offenses charged, the strength of the government's case (which was yet unknown), and Ms. Odegbaro's history and characteristics. Expanding on the last factor, he labeled

3

her character as "very poor . . . based on the nature and number of prior convictions involving dishonesty, and abundant evidence during the detention hearing of more recent fraudulent financial conduct." Aplt. App. at 44. He also referenced her unemployment and lack of stable employment history, her "significant prior criminal record," her failure to comply with release conditions during probation for previous crimes, and her possible possession of a passport issued under her former name. *Id.* The magistrate judge thus concluded that Ms. Odegbaro poses a serious flight risk, both in terms of physical flight from the jurisdiction and in being "wholly unamenable to supervision," *id.* at 43.

The district court reviewed the detention order de novo, considering the evidence offered at the detention and motion hearings, as well as the pretrial services report. At the end of the motion hearing, it issued detailed oral findings of fact and conclusions of law, in which it "strongly agree[d]" with the magistrate judge's conclusion, *id.* at 57. The district court emphasized Ms. Odegbaro's 16-year history of economic crimes and crimes of dishonesty and fraud; the "constant overlap" of probation and the commission of new crimes that "speaks volumes . . . in terms of the lack of amenability to supervision," *id.* at 59-60; and Ms. Odegbaro's continuing commission of new crimes during the current investigation. The district court also considered that Ms. Odegbaro presents "a risk of safety, at least in terms of economic security of the community, given the nature of the charges and given the evidence about [her] continued economic crimes while under investigation and even while

4

under these charges and in custody." *Id.* at 64.  Consequently, it deemed pretrial detention necessary and appropriate:

> There's no point in setting conditions of release for someone who has demonstrated time and time again that she will not abide by all conditions of release, including refraining from engaging in any activity that violates federal, state or local law. . . . [T]hat is a term of supervision she's demonstrated repeatedly over the last 16 years that she will not abide by, and the Court does not think that any condition I could set, or combination of conditions I could set, would reasonably assure that she would follow the conditions of her release concerning that.

*Id.* at 65.  The district court's oral ruling was incorporated into a written order.

On appeal, Ms. Odegbaro argues that the district court erred in affirming the magistrate judge's detention order.  She claims detention is unnecessary because she is a United States citizen and ten-year Kansas resident with significant ties to the community, she surrendered her passport, she is non-violent and able to conform to the court's expectations, and she has remained in the jurisdiction despite a two-year criminal investigation and the potential for imprisonment.  She acknowledges the district court's assessment that she has a "rather extensive" criminal history and has "never suffered much consequence for it," Aplt. Br. at 9 (internal quotation marks omitted), as well as the "varied nature of the results" of her probation, *id.* at 10.  Still, she insists "there are at least some instances where conditions of probation and release have been effective," *id.* at 10, without specifying what conditions would reasonably assure her appearance in this case.

The government has not yet responded to Ms. Odegbaro's appeal brief.  In the underlying proceedings, it argued that there is a serious risk that Ms. Odegbaro will

5

flee or obstruct (or attempt to obstruct) justice because she is clearly not amenable to supervision. In support, it cited her continued commission of financial crimes after she knew she was under investigation (some of which even occurred from her jail cell, with the help of family members), the escalating seriousness and frequency of her financial crimes, and her defiance of court orders. The government also listed some of the evidence it intends to introduce against Ms. Odegbaro.

We review the district court's ultimate pretrial detention decision de novo because it presents mixed questions of law and fact; however, we review the underlying findings of fact for clear error. *See Cisneros*, 328 F.3d at 613. "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on review of the entire record, is left with the definite and firm conviction that a mistake has been committed." *United States v. Gilgert*, 314 F.3d 506, 515 (10th Cir. 2002) (brackets and internal quotation marks omitted). Our clear-error review of the district court's factual findings "is significantly deferential." *Id.* at 516 (internal quotation marks omitted).

Deferring to the district court's factual findings, as we must, our review of the entire record does not leave us "with the definite and firm conviction that a mistake has been committed." *See id.* at 515 (internal quotation marks omitted). Ms. Odegbaro produced some evidence supporting her release, but we are satisfied that the court carefully weighed both parties' positions. Besides, "our role is not to re-weigh the evidence" on clear-error review, *id.* at 515-16, and a factfinder's choice

6

between two permissible views of the evidence cannot be clearly erroneous, *see Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

### III.    Conclusion

For these reasons, we affirm the district court's order denying Ms. Odegbaro's request to be released from pretrial detention.


Entered for the Court
Per Curiam